# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **T.M.**

**No. 16-0820** (Kanawha County 15-JA-123)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.M., by counsel Matthew A. Victor, appeals the Circuit Court of Kanawha County's August 15, 2016, order terminating his parental rights to T.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jason S. Lord, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2015, the DHHR filed an abuse and neglect petition alleging that the mother left the child, then four years old, without proper supervision in a partially burned mobile home filled with dangerous debris. Petitioner was initially listed as a non-offending parent. Also in May of 2015, the circuit court held a preliminary hearing wherein petitioner advised the circuit court that he was incarcerated and anticipated he would be released from incarceration in June of 2015. He also indicated that he was willing to participate in reunification services upon his release. The circuit court ordered that petitioner "avail himself upon his release of supervised visitation with his child, and random drug screens." In December of 2015, the DHHR filed an amended petition wherein it alleged that petitioner did not contact the DHHR regarding reunification services after he was released from incarceration in June of 2015. According to the amended petition, petitioner was reincarcerated in October of 2015. The amended petition also alleged that petitioner failed to provide his child with the "necessary food, clothing, supervision, and housing at times since the birth of the [child]." The amended petition further alleged that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

petitioner failed to provide the child with financial support and this failure placed the child at risk of harm.

In March of 2016, the circuit court held an adjudicatory hearing wherein petitioner testified that he had been incarcerated since October of 2015 on a criminal charge. He also testified that he was previously released from incarceration in June of 2015, but did not know how to "get in touch with the caseworker" and was not "allowed to talk to his child." Petitioner orally requested a post-adjudicatory improvement period. A DHHR worker testified that petitioner never paid child support for the child or provided her with any other form of support. The worker also testified that petitioner failed to contact the DHHR to avail himself of reunification services as previously ordered. At the conclusion of the hearing, the circuit court adjudicated petitioner as an abusing parent and found that he "failed to support his child financially and emotionally." The circuit court also denied petitioner's request for a post-adjudicatory improvement period.

In May of 2016, the circuit court held a dispositional hearing. A DHHR worker testified that the DHHR was seeking termination of petitioner's parental rights because he failed to contact the DHHR or participate in services. The worker also testified that he had not supported the child or "prepared himself to take care of her." Petitioner did not testify but orally requested a post-dispositional improvement period. At the conclusion of the hearing, the circuit court found that petitioner failed to avail himself of reunification services and that he did not have contact "with his child, nor the [DHHR], during his times of freedom." The circuit court also found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, terminated his parental rights to the child, and denied his motion for a post-dispositional improvement period.[2] It is from that August 15, 2016, order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]Petitioner's parental rights to T.M. were terminated below. The parental rights of T.M.'s mother, V.C., were terminated in a separate proceeding. According to the guardian, the child was placed with her maternal great-grandmother and the permanency plan is adoption in the home.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights.

On appeal, petitioner argues that the circuit court erroneously terminated his parental rights based solely on his incarceration at the time of the dispositional hearing. This is not the case. With regard to incarceration, we have explained that incarceration may support the termination of parental rights based on the analysis of a series of factors. *See Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875 (holding that "[a]lthough we have not adopted a *per se* rule regarding the impact incarceration has on a termination of parental rights decision, we have likewise not said that the facts surrounding a parent's incarceration may never form the basis for terminating parental rights."). Further, we have held that

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Id.* at 91, 717 S.E.2d at 875, Syl. Pt. 3.

In the present case, the circuit court was free to consider petitioner's incarceration as a basis for the termination of his parental rights. However, contrary to petitioner's argument on appeal, the circuit court based its ruling on several factors in addition to petitioner's incarceration. Prior to his termination, petitioner took no steps to contact the DHHR or begin reunification services while he was free from incarceration. Petitioner also had a long history of not supporting the child and reincarceration, none of which had been remedied since the filing of the amended petition. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected include one in which "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. at 89, 479 S.E.2d at 600 (1996). Beyond his incarceration, the circuit court based termination upon petitioner's failure to avail himself of reunification services or to support the child. Given the circumstances presented, there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.

Moreover, pursuant to West Virginia Code § 49-4-604(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare. Furthermore, the child requires stability and permanency. Thus, as the circuit

court also found, termination of petitioner's parental rights was necessary for the child's well-being. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings. For these reasons, we find no error in the circuit court's order terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 15, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker